IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TONY MISSAK, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CV567 |
| | ) | |
| v. | ) | |
| | ) | |
| LAKELAND ENGINEERING | ) | MEMORANDUM AND ORDER |
| EQUIPMENT COMPANY, a  Nebraska | ) | |
| corporation, and LAKELAND | ) | |
| ENGINEERING EQUIPMENT | ) | |
| COMPANY, a Minnesota corporation, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion for summary judgment.  Filing No. 19.  Plaintiff filed this action alleging that defendants discharged him in violation of the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq.  Filing No. 12, Amended Complaint.  Defendants move this court to grant its summary judgment motion on the basis that the FMLA is inapplicable, as defendants do not meet the jurisdictional requirement of 75 employees.  The court has carefully reviewed the record, briefs, indices of evidence, and the relevant case law.   The court concludes that the motion for summary judgment should be granted.

**STANDARD OF REVIEW**

On a motion for summary judgment, the question before the court is whether the record, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1326 (8th Cir. 1995).  Where unresolved issues are primarily legal rather than factual, summary

judgment is particularly appropriate. *Id.*

The burden of establishing the nonexistence of any genuine issue of material fact is on the moving party. Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Therefore, if the moving party does not meet its initial burden with respect to an issue, summary judgment must be denied notwithstanding the absence of opposing affidavits or other evidence. *Adickes*, 398 U.S. at 159-60; *Cambee's Furniture, Inc. v. Doughboy Recreational, Inc.*, 825 F.2d 167, 173 (8th Cir. 1987).

Once the moving party meets its initial burden of showing there is no genuine issue of material fact, the nonmoving party may not rest upon the allegations in the pleadings but rather must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. *See* Fed. R. Civ. P. 56(e); *Chism v. W.R. Grace & Co.*, 158 F.3d 988, 990 (8th Cir. 1998). The party opposing the motion cannot merely show some metaphysical doubt as to the material facts, but must show "there is sufficient evidence to support a jury verdict" in the party's favor. *Id.* Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Facts are viewed in the light most favorable to the nonmoving party, but in order "to defeat a motion for summary judgment, the nonmoving party cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Carter v. St. Louis University,* 167 F.3d 398, 401 (8th Cir.

1999) ( *citing Ghane v. West,* 148 F.3d 979, 981 (8th Cir. 1998)).  "A court does not weigh evidence or make credibility determinations."  *Kenney v. Swift Transp. Co.*, 347 F.3d 1041, 1044 (8th Cir. 2003).

**BACKGROUND**

There are two corporate defendants in this case, hereafter designated Lakeland-Omaha and Lakeland-Minnesota.  In addition, there is a branch office known as Lakeland-Sioux City.  One or both of the defendants employed plaintiff at all relevant times herein at its Omaha location.  On or about April 11, 2003, an automobile accident involving plaintiff occurred in Omaha.  Plaintiff requested medical leave pursuant to the FMLA on September 29, 2003.  On September 30, 2003, the Lakeland-Minnesota office terminated plaintiff's employment.  The Lakeland-Minnesota office denied FMLA coverage contending that it is not an "eligible employer" or an "eligible integrated employer" under the FMLA, because (a) neither defendant employs 50 or more employees at its place of business, and (b) even if the numbers are integrated, so as to exceed the required number of 50, there are not 50 employees within a 75-mile radius of Omaha, Nebraska or of Minneapolis, Minnesota.

 **DISCUSSION**

*A.  Employer*

The parties first disagree on how to define plaintiff's employer.  The FMLA entitles "eligible employees" to certain leave benefits.  29 U.S.C. § 2611.  The FMLA defines "employer" as "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or

more calendar workweeks in the current or preceding year."  29 U.S.C. § 2611(4)(A)(i).

The FMLA excludes "any employee of an employer who is employed at a worksite at which

such employer employs less than 50 employees if the total number of employees

employed by that employer within 75 miles of that worksite is less than 50."  29 U.S.C. §

2611(2)(a) and 2611(2)(b)(II).

The parties disagree which worksite applies in this case.  It appears that both parties

agree that the Nebraska site does not have 50 employees at that location.   Defendants

argue that plaintiff worked at the site in Lakeland-Omaha and that should be considered

his worksite.   Plaintiff contends that his  real worksite is in reality Lakeland-Minnesota.

Plaintiff offers evidence that the management and the Board of Trustees are located  in

Minnesota. Further, Lakeland-Minnesota required that plaintiff send all call reports,

expense reports, and receipts to Minnesota.   In addition, the parties agree that the Board

of Trustees in Minnesota controlled numerous decisions regarding the Nebraska site.   It

also appears that defendants made  all decisions to hire and fire, grant leave, and

determine benefits from Minnesota.

There is a test that is utilized when there is an allegation that different locations are

really part of one "integrated employer."  29 C.F.R. § 825.104.  Factors to be considered

include common management, interrelations between operations, centralized control of

labor relations, and common ownership and financial control.   29 C.F.R. § 825.104(c)(2).

For purposes of this motion, the court finds that plaintiff has offered sufficient evidence that

his employer is located in Minnesota and that it is an integrated employer.  However, based

on this court's findings in "Part B" of this memorandum and order that plaintiff failed to

meet the test of showing that the defendants have at least 50 employees within a 75 mile

radius of the employer, it matters not whether plaintiff is employed in Nebraska or in Minnesota.

### B.  Number of Employees within 75 miles

Defendants agrees that adding up the number of employees in Omaha, Sioux City and Minneapolis may make Lakeland a covered "employer" under the FMLA for purposes of establishing the requisite 50 employees.   See 29 U.S.C. § 2611(4)(A)(I).  However, defendants argues that no matter which location is considered plaintiff's primary employer, there are not 50 employees within a 75 mile radius of any of the sites.  Whether 50 employees are employed withing the 75 mile radius used to determine employee eligibility is determined by the date the employee asks for the leave.  29 C.F.R. § 825.110(f).  The parties apparently agree that Lakeland-Omaha only employed 13 people at the time plaintiff asked for FMLA.  Plaintiff alleges in his Statement of Facts that Lakewood-Minnesota employed over 50 people in the year 2003.  However, plaintiff offers no evidence or support of any kind for that allegation.  Defendants, however, have offered tax returns and wage statements for the third quarter of 2003 that shows less than 50 employees at the Lakewood-Minnesota office.  Filing No. 24, Exs. 1, 2 and 3.  The court agrees with the defendants.  It matters not whether the worksite is Omaha or Minneapolis. Plaintiff has failed to offer any evidence that defendants employ in excess of 50 people within 75 miles of either of the worksites.   See 29 U.S.C. § 2611(2)(B)(ii).  This determination is made "based on the number of employees maintained on the payroll." 29 C.F.R. § 825.111(c).  There is no showing that 50 employees are at either the Omaha or Minneapolis locations or within 75 miles of either office, even if the Sioux City office is included.   See Douglas v. E.G. Baldwin & Assoc., 150 F.3d 604, 608 (6th Cir. 1998)

(coverage excluded under FMLA where employer only employed 29 employees within 75 miles of that office); *see also*, *Harbert v. Healthcare Services Group, Inc.,* 391 F.3d 1140 (10th Cir. 2004) (coverage excluded where 50 employees not within 75 miles of each other); *Humenny v. Genex Corp.*, 390 F.3d 901 (6th Cir. 2004) (same); *Fain v. Wayne County Auditor's Office*, 388 F.3d 257 (7th Cir. 2004) (same).   The evidence submitted by defendants show that no more than 41 persons were employed in the third quarter of 2003 in Minnesota.  Filing No. 24, Exs. 1-3.  Accordingly, the court finds that plaintiff has failed to show that defendants employ 50 or more employees within 75 miles of each other and, therefore, the court is without jurisdiction to hear this case and grants the motion for summary judgment.

IT IS ORDERED that defendants' motion for summary judgment, Filing No. 19, is granted and the case is dismissed.  A separate judgment in favor of the defendants is entered in conjunction with this memorandum and order.

DATED this 25th day of October, 2005.

BY THE COURT:


s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge